Donald J. Flamm and Etelle Flamm v. Commissioner.
Flamm v. Commissioner
Docket No. 6215-66.
United States Tax Court
T.C. Memo 1969-287; 1969 Tax Ct. Memo LEXIS 8; 28 T.C.M. (CCH) 1487; T.C.M. (RIA) 69287; December 24, 1969, Filed *8 Arthur H. Goodman, for the petitioners. John B. Murray, Jr., for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent determined a deficiency of $54,241.74 in petitioners' income tax for the taxable year ended December 31, 1962. The sole issue for decision is whether the petitioners 1488 realized $75,000 of dividend income by reason of a bargain purchase of unimproved land from Flamm Realty Corporation. The parties are in agreement that if the Court finds that the fair market value of said land exceeded the amount paid therefor, petitioners will have realized dividend income to the extent of such excess. Petitioners are husband and wife and had their legal residence in Closter, New Jersey, at the time the petition herein was filed. They filed a joint Federal income tax return on a cash basis for the taxable year 1962 with the district director of internal revenue, Manhattan District, New York. Petitioner Etelle Flamm is a party hereto only by virtue of having filed said joint return, and subsequent references to petitioner shall refer to Donald J. Flamm. At all times pertinent, petitioner was president and sole stockholder of Flamm *9 Realty Corporation (hereinafter referred to as "Flamm Realty"). On April 29, 1952, petitioner purchased 29.05 acres of unimproved land in Alpine, New Jersey (hereinafter referred to as the "Alpine property") for $8,705.15. On March 1, 1961, he sold the land to Flamm Realty for the same price. The property consisted of a relatively narrow strip of land running roughly east and west; it sloped up from west to east at approximately a 15 percent grade over most of its length. Its only connection to any kind of road was a very narrow strip (about 88 feet wide) running west for about a thousand feet to a road. This strip was not itself a road of any sort. The entire property was entirely covered with heavy woods, was rocky, and, aside from the overall slope from west to east, was very irregular in contour. At all times pertinent, the property was subject to zoning restrictions which required residential use and required each house to be built on a two-acre plot. On October 15, 1962, Flamm Realty resold the Alpine property to petitioner for the sum of $12,000. On July 30, 1962, a real estate broker had made an offer on behalf of petitioner to the Bergen County Park Commission to sell *10 the Alpine property for $87,000. In June 1963, petitioner contracted with the Bergen County Park Commission to sell the Alpine property to the County of Bergen for $87,000. The contract provided that Bergen County could, at any time within 120 days, condition the implementation of the contract upon the obtaining of matching funds of at least 50 percent of the purchase price from the State of New Jersey under the Green Acres Land Acquisition Act of 1961. It also provided that the contract was not binding on the purchaser until approved by resolution of the Board of Chosen Freeholders of the County of Bergen. Approval of said Board of Chosen Freeholders was given on July 3, 1963. On October 2, 1963, a deed dated September 24, 1963 from petitioner to the County of Bergen was given and petitioner received the sum of $87,000. Between January 19, 1963 and November 18, 1963, the County of Bergen acquired an aggregate of 190.55 acres of undeveloped land in Alpine, New Jersey. Such acquisitions were for park purposes and were made under the above-mentioned Green Acres matching fund program. Such acquisitions, which included the land involved herein, were as follows: Description
Acreage
Cost
Price per acre
Deed dated
Esther M. Armstrong, Widow
14.20
$ 35,000
$2,500
9/27/63
John F. & Berteliner, h/w Baier, and Otto Kinz
93.10
400,000
4,300
1/19/63
John F. & Berteliner, h/w Baier
1.00
3,000
3,000
11/18/63
Boy Scouts of America, North Bergen Council
24.48
85,000
3,500
11/ 6/63
Donald Flamm
29.05
87,000
3,000
9/24/63
Metropolitan Land & Building Company
28.72
100,000
3,500
9/30/63
*11 The sale of the 93.10 acres described above as "John F. & Berteliner, h/w Baier, and Otto Kinz" was pursuant to a contract entered into on August 11, 1962. The following represents sales of land in the same geographic area: 1489 Parties
Date
Acreage
Price per acre
Burr Realty to Cambridge Est
1965
45.54
$4,000
Boy Scouts to Micchalos
4/ 5/62
10.725
3,000
(in two parcels)
Singelman to Meyer
10/ 1/56
31.66
665
Platoff to Kinz
April 1957
5.81
3,000
Chase Manhattan to Mattiella
12/ 6/60
20.848
1,583
Weleck to Kinz & Baier
9/29/55
93.817
1,264
Boy Scouts to Hackensack Water Co
11/ 1/61
5
5,000
Robertson, Lawrence & Brooke to Tamburelli
1/15/61
162
3,600
Robertson, Lawrence & Brooke to Alpine Hills, Inc.
1/18/61
155.754
3,765
Halladay to Beechwood Farms
7/ 1/57
48.23
3,161
Cresskill Estates, Inc. to Cresskill Hills, Inc.
11/23/59
144
2,326
Between 1955 and 1962, the value of unimproved land in the Alpine area increased approximately four-fold. The fair market value of the Alpine property on October 15, 1962 was $2,250 per acre. We see no reason to detail the reasoning which leads to our finding of *12 fair market value. As is usually the situation in cases of this type, we have made an educated guess. See ; . Our figure is closer to respondent's claimed $3,000 per acre value than to the $1,000 per acre figure claimed by petitioner at trial. [1] We have given careful consideration and appropriate weight to the various elements of evidence relating, among other things, to the topography of the Alpine property and the difficulties and costs of preparation attendant upon its zoned use, the availability by the middle of 1962 of a buyer with a unique interest in the land for public park purposes, the indication that a willing buyer would pay a lesser price for its use as zoned as compared with the price for park use, the risks of cancellation of contracts entered into by the Bergen County Park Commission if matching funds were not forthcoming, and the variants which existed as between the Alpine property and land involved in other sales, both as to time of sale and topographical and access characteristics. [2] In so doing, we have meticulously reviewed the stipulation *13 of facts, exhibits, and testimony and we have discovered no reason to change our finding which was announced at the conclusion of the trial that, on the basis of the entire record, the fair market value of the Alpine property on October 15, 1962 was $2,250 per acre. Decision will be entered under Rule 50. Footnotes
1. This was the ultimate conclusion of petitioner's expert and compares with approximately $400 per acre which petitioner paid Flamm Realty. ↩
2. We considered sales prior to 1960 and subsequent to 1965 so far removed as to be entitled to very little weight.↩